CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 19 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARK I. BEDFORD,<br>    Petitioner, | ) <br> ) <br> ) | Civil Action No. 7:12-cv-00411 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| HAROLD W. CLARKE,<br>    Respondent. | ) <br> ) <br> ) | By:  Hon. Michael F. Urbanski<br>       United States District Judge |

Mark I. Bedford, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner argues that due process violations during consideration for parole release warrant his immediate release from incarceration. Respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, the court dismisses the petition because petitioner is not entitled to habeas relief.

I.

Petitioner acknowledges that he does not challenge his conviction for homicide, for which he is serving a life sentence, but rather challenges the "unconstitutional denial of parole through due process violations." (Pet. 1.) By a letter dated November 4, 2010, Helen F. Fahey, former Chair of the Virginia Parole Board, told petitioner that the Parole Board denied him parole release on November 3, 2010, due to a "conviction of a new crime while incarcerated"; "crimes committed"; and the "serious nature and circumstances of offense." Petitioner appealed the November 3, 2010, decision because he has only ever been convicted of one crime – homicide.

The Parole Board rejected petitioner's administrative appeal on March 18, 2011.[1] The Parole Board determined, "The information on which the request for appeal is based does not show a significant error in the information, policies, or procedures related to the stated reason(s) for the decision. Therefore your request for appeal is not granted." (Appeal Form (ECF no. 1-3) 6.) William Muse, the current Chair of the Parole Board, also issued a new rejection letter post-dated November 4, 2010, that changed the reasons to not grant parole release in 2010 as "serious nature and circumstances of offense" and "crimes committed."[2]

On June 9, 2011, petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia, which dismissed the petition on August 12, 2011, because "habeas corpus does not lie in this matter. . . ." Bedford v. Dir., Dep't of Corr., No. 111206, slip op. at 1 (Va. Aug. 12, 2011). Petitioner filed the instant petition on August 24, 2012, arguing the same claims he presented to the Supreme Court of Virginia about how the Virginia Parole Board violated due process in 2010 by erroneously relying on evidence of multiple convictions.

## II.

The court must "focus[] on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Petitioner's claims, even if successful, would not "necessarily spell speedier release" from custody because petitioner would be entitled to, at most,

---

[1] Petitioner alleges that he received this letter on April 4, 2011.
[2] Petitioner argues that William Muse's post-dated letter constitutes forgery and violates multiple state laws. The court does not have jurisdiction to investigate petitioner's forgery claim or prosecute violations of state law. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

2

reconsideration of parole release at a new parole hearing.[3] Id. at 82. Thus, petitioner's claims do not lie within "the core of habeas corpus" and may be brought, if at all, via 42 U.S.C. § 1983. Id. at 81.

Furthermore, Virginia's online records reveal that the Parole Board considered and denied petitioner's parole release in October 2011 due only to the "serious nature and circumstance of [the] offense." Virginia Parole Board Monthly Decisions, Oct. 2011 at 13 (available at http://www.vadoc.state.va.us/resources/vpb/decisions/2011/decisions-oct11.pdf) (last accessed Feb. 11, 2013). See In Re Katrina Canal Breaches Consol. Litig., 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites); Williams v. Long, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating). The Parole Board also considered and denied petitioner's parole release in November 2012 because "[of] [m]inimization of responsibility for criminal behavior[;] [r]elease at this time would diminish seriousness of crime[;] [of] [the] [r]isk to the community[;] and [the] [s]erious nature and circumstances of offense[.]" Virginia Parole Board Monthly Decisions, Nov. 2012 at 12 (available at http://www.vadoc.state.va.us/resources/vpb/decisions/2012/decisions-nov12.pdf) (last accessed Feb. 11, 2013). Neither the October 2011 decision nor the November 2012 decision relies on the allegedly incorrect information of "conviction of a new crime while incarcerated" or "crimes committed." Accordingly, petitioner already received the available remedy of reconsideration of parole release based only on his

---

[3] Although petitioner requests as relief to be immediately released from his life sentence, he does not have a constitutional right to be paroled before he dies in prison. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").

3

crime of homicide, and in light of the Parole Board's decisions in 2011 and 2012, no realistic possibility exists that the Parole Board will determine that petitioner should have been paroled in 2010.[4] Accordingly, petitioner's claims are moot, and "[m]oot questions require no answer." Mo., Kan. & Tex. Ry. v. Ferris, 179 U.S. 602, 606 (1900). See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (discussing redressability element of standing); United States v. Hardy, 545 F.3d 280, 283 (4th Cir. 2008) ("[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."). See also FEC v. Akins, 524 U.S. 11, 25 (1998) (illustrating the distinction between speculating how an agency may reconsider an issue versus recognizing the agency already reconsidered the issue); Townes v. Jarvis, 577 F.3d 543, 548 (4th Cir. 2009) ("[I]f no realistic possibility exists that a plaintiff can obtain the ultimate relief, petitioner will fail to satisfy the redressability prong." (internal quotation marks omitted)).

### III.

Even if relief sounded in habeas and was not moot, any argument arising from the Parole Board's November 3, 2010, decision is barred by the statute of limitations. The applicable limitations period for the petition is one year from the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

There were 218 days between the Parole Board's November 3, 2010, decision and when petitioner filed the state habeas petition on June 9, 2011, and 284 more days passed between when the Supreme Court of Virginia denied a motion for reconsideration of the order dismissing

---

[4] Petitioner fails to support his conclusion that his life sentence was "enhanced" by being denied parole release.

4

the state habeas petition on November 14, 2011, and when petitioner filed the instant petition on August 24, 2012. See 28 U.S.C. § 2244(d)(2) (tolling the one-year filing period while a convict's "properly filed application for State post-conviction or other collateral review" is "pending."); Wall v. Kholi, ___ U.S. ___, 131 S. Ct. 1278, 1288-89 (2011) (discussing judicial proceedings that qualify as collateral review). Clearly, petitioner filed claims arising from the November 3, 2010, decision beyond the one-year limitations period.[5]

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010).

Petitioner's lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330. Furthermore, the court does not find any extraordinary circumstances in this record that prevented petitioner from filing a timely petition, especially since petitioner waited 284 days to

---

[5] Even if the court considered the claims to have accrued on March 18, 2011, when the Parole Board denied the administrative appeal, more than 365 days passed between the denial of that appeal and the filing of instant petition, despite tolling the duration of state habeas proceedings. Cf. Wall, ___ U.S. at ___, 131 S. Ct. at 1288-89 (not describing an administrative appeal for parole review as constituting a collateral attack to trigger tolling the statute of limitations). Petitioner's argument that April 4, 2011, which is the day petitioner received the Parole Board's letter denying the appeal, should constitute the accrual date is unpersuasive. Applying § 2244(d)(1)(D) depends on when petitioner could have discovered the information, and thus, the statute does not comport to petitioner's belief that the accrual date is when a petitioner actually discovered the information. Also, petitioner does not explain how passively waiting for the letter to arrive constitutes "due diligence." See Wade v. Robinson, 327 F.3d 328 (4th Cir. 2003) (recognizing due diligence constitutes actively seeking public information).

5

Case 7:12-cv-00411-MFU-RSB   Document 18   Filed 02/19/13   Page 5 of 6   Pageid#: 215

seek federal habeas review. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, petitioner filed the instant claims more than one year after he could have discovered the claims from the Parole Board's November 3, 2010, decision if he had exercised due diligence, and the court declines to equitable toll the statute of limitations.

## IV.

Accordingly, the court grants respondent's motion to dismiss because petitioner is not entitled to habeas relief. Based upon the court's finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner.

ENTER: This 15th day of February, 2013.

/s/ Michael F. Urbanski

United States District Judge